## **DECLARATION OF MATTHEW LACORTE**

I, Matthew LaCorte, Special Agent of the United States Secret Service, do hereby declare:

Introduction and Agent Background

1.  I am a duly appointed Special Agent with the United States Secret Service ("USSS") and have been employed as such since July 2021. Through my employment with the USSS, I have gained knowledge in the use of various investigative techniques including the utilization of physical surveillance, undercover agents, confidential informants and cooperating witnesses, consensually monitored recordings, investigative interviews, financial investigations, the service of administrative and grand jury subpoenas, mobile wireless tracking methods, analyzing telephone pen register and caller identification system data, and the execution of search and arrest warrants, including those executed upon physical addresses as well as those executed upon electronic equipment and data storage providers.

2.  Throughout my career in law enforcement, I have become familiar with the methods and techniques associated with financial institution fraud and counterfeit trends and tactics. In the course of my training and conducting financial investigations, I have incorporated the use of the following investigative techniques: interviewing informants, cooperating witnesses, victims, and subjects; physical surveillance and utilization of various surveillance techniques; supporting undercover operations; participating in mobile wireless tracking missions; and preparing and executing search and arrest warrants that have led to seizures of counterfeit currency, access devices, and other instruments used to commit financial fraud.

<u>Purpose of this Declaration</u>

3. This declaration is submitted in support of a complaint for forfeiture *in rem* of $48,800.00 in U.S. Currency seized from an account held at Shore United Bank ending in x3006 ("SU 3006") held in the name of a person with the initials D.A. (the "Defendant Property").

4. I submit there are sufficient facts to support a reasonable belief the Defendant Property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, and thus is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

<u>Factual Summary</u>

*The Economic Injury Disaster Loan Program*

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, through the U.S. Small Business Administration ("SBA"), provided two sources of funding for small businesses affected by the economic downturn associated with the Novel Coronavirus pandemic. One of those sources being the Economic Injury Disaster Loans ("EIDL").

6. EIDLs were intended to provide small businesses with working capital for fixed debts, payroll, accounts payable, and other bills resulting from the pandemic. Funds were disbursed directly from SBA and were available until December 31, 2020.

7. Small businesses under this program are defined as cooperatives, employee stock ownership plans ("ESOP"), tribal small businesses, private non-profits with IRS designation 501(c), (d), or (e), private non-profits doing business under state law, and faith-based organizations.

8. Ineligible uses of the loan include paying owners (unless for performance of services) dividends or bonuses, repaying stockholder/principal loans (with exceptions) for expansion of facilities, acquisition of fixed assets, relocation, repair, or replacement of physical

damages, federal debts except debts owed to the Internal Revenue Service, and refinancing long term debts.

*The SU 3006 EIDL Loan*

9.     SBA loan number 7062548203 was a COVID EIDL issued in August 2020 in the amount of $48,900.  The application was created and submitted on August 8, 2020, and the loan was disbursed on August 29, 2020.  The sum of $48,800 was deposited into D.A.'s account (the $100 discrepancy in the amount of the loan and the amount of the deposit is due to a $100 Uniform Commercial Code filing fee that was automatically paid from the loan amount).

10.     Shore United Bank (formerly known as Severn Savings Bank) flagged the loan as potentially fraudulent and referred the matter to the United States Secret Service for follow up. Multiple fraud indicators pertained to the loan.  D.A.'s account received funds from an application using the name, phone number, and address of a company with initials A.P.M. A.P.M. is a real a company from another state that had no apparent affiliation with D.A. or SU 3006.

*Seizure of Funds from SU 3006*

11.     On December 1, 2022 USSS agents met with D.A. at his residence in Chester, Maryland.  D.A. stated he didn't know where the EIDL funds came from and he had no connection to A.P.M.  USSS determined D.A. had received the funds that comprise the Defendant Property as the result of fraudulent activity.  D.A. agreed to sign a United States Secret Service Agreement to Surrender Property form for the funds.

12.      On December 2, 2022 USSS agents presented the Agreement to Surrender Property form to Shore United Bank.  A representative from Shore United Bank remitted a

cashier's check for the funds comprising the Defendant Property to the USSS.  The Defendant Property is currently in the possession of the USSS.

## Conclusion

13.     The evidence in this declaration provides probable cause to believe, and I do believe, that the $48,800.00 in U.S. currency seized from the Shore United Bank account ending in x3006 constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, and it is forfeitable to the United States under 18 U.S.C. § 981(a)(1)(C).

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 9th day of May, 2023.

*Matthew J LaCorte*

_____

Matthew LaCorte
Special Agent
United States Secret Service